

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY  10007

MELISSA WACHS
*Senior Counsel*
phone: (212) 356-2424
fax: (212) 356-3509
email: mwachs@law.nyc.gov

December 6, 2018

**VIA ECF**
Honorable Judge Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    <u>Keith Drew v. City of New York, et al.</u>
                 18-CV-8529 (JMF)

Your Honor:

        I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned[1] to the defense of the City of the above-referenced matter. In that capacity, the undersigned respectfully (1) writes in partial response to the Court's October 9, 2018 Order pursuant to <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d Cir. 1997), which directed this Office to identify the names and proper service addresses for the officers, whom plaintiff purports to name as defendants in this action, (2) request, a 30 day extension of time to fully respond to the Court's Order, from December 10, 2018 to January 9, 2019,  and (3) request, that the Court otherwise stay this action pending the resolution of the ongoing New York City Department of Correction ("DOC") internal investigation into the alleged subject use of force incident. This is the first request for an extension of time to fully comply with the <u>Valentin</u> and for a stay in this matter. The undersigned contacted plaintiff via telephone, on a number previously used to speak with plaintiff, on December 3, 2018 and December 4, 2018, to seek his consent for this extension, and left one voicemail. As of the time of this writing, plaintiff has not responded.

---

[1] This case has been assigned to Assistant Corporation Counsel Giancarlo Martinez, who is presently awaiting admission to the New York bar and is handling this matter under my supervision. Mr. Martinez may be reached directly at (212) 356-3541.

By way of background, plaintiff alleges that, on July 6, 2016 in Part F of the Manhattan Criminal Court Holding Pens, Correction Officer ("CO") Gaskin, CO Jane Doe, and CO Yani subjected plaintiff to an ongoing conspiracy against him and all pre-trial detainees, which plaintiff refers to as "the Burn." On July 7, 2018, at Manhattan Detention Complex ("MDC"), plaintiff alleges Captain Wetzel participated in this conspiracy against him. On July 10, 2018, through July 19, 2018, plaintiff alleges that Captain Williams participated in the conspiracy against him at MDC and was deliberately indifferent to his medical and mental health needs. During his time at MDC, plaintiff alleges that Grievance Coordinator Doe and Grievance Officer Doe failed to address plaintiff's grievance in a timely manner, thereby placing him "on the Burn." Plaintiff alleges that, from July 23, 2018, to July 31, 2018, Captain Mitchell at the Anna M. Kross Center ("AMKC") denied plaintiff's medical authorization form and his medical footwear authorization form. On August 7, 2018, plaintiff alleges that Captain Mitchell denied his new medical footwear authorization form because of the brand name of plaintiff's shoes. Plaintiff also alleges that Warden Doe at MDC participated in the "Burn" conspiracy against him.

A. **Valentin Order**

Warden Sherma Dunbar has been identified as the Warden of MDC at the time plaintiff was at the facility. Grievance Representative Asurie Halstead and Grievance Officer Kristin Jackson, Shield # 17351, have been identified as the Grievance Officials at MDC during the time plaintiff was at the facility. All may be served at the Manhattan Detention Complex, 125 White Street, New York, NY 10013.

In the time since the Complaint was assigned, the undersigned received plaintiff's inmate file on November 23, 2018, but is still awaiting documents which would help identify Correction Officer Jane Doe. Correction Officer Gaskin has been notified for an appearance; however, at this time, the undersigned is not aware whether this Officer will have information leading to the identity of the remaining Jane Doe. Accordingly, the requested 30 day enlargement should afford this Office sufficient time to conduct a further investigation into this incident.

B. **Request for Stay**

In the course of investigating this matter, the undersigned learned that there is an ongoing DOC Investigations Division inquiry arising out of the alleged July 6, 2018 incident. Defendant City therefore respectfully requests a stay of this matter, pending the resolution of the DOC investigation for the following reasons.

First, this Office will be unable to resolve representational issues with all officers until the aforementioned DOC investigation is complete. See N.Y. Gen. Mun. L. § 50-k; Mercurio v. City of N.Y., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of N.Y., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (stating that the decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)). A stay here would safeguard against the possibility that a conflict of interest may arise during the pendency of the litigation. Pursuant to N.Y. General Municipal Law § 50-k, the City is obligated to provide representation to individual defendants to the extent that they were acting within the scope of their duties as its employees during the incident in question. Should a stay not be granted, the

City would likely be forced to represent the officers prior to learning the outcome of its own investigation concerning the officers' conduct. Should the officers later be found responsible for any wrongdoing as a result of that investigation, defense counsel may be conflicted out of the matter entirely and new counsel would need to be retained for all defendants. Such a scenario would likely cause a greater disruption to the instant action than the requested stay.

Finally, the parties will require the documents associated with the DOC Investigation Division file, many of which (to the extent that they exist) will be protected from discovery by the deliberative process privilege prior to the conclusion of the DOC investigation. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (the deliberative process privilege is (1) designed to promote the quality of agency decisions by preserving and encouraging candid discussion between officials, and (2) based on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news; an inter-agency or intra-agency document may be subject to the privilege if it is both pre-decisional and deliberative) (internal citations and quotations omitted)**.** Thus, a stay is appropriate in this matter.

### C. Conclusion

For the foregoing reasons, Defendant City respectfully requests, that the Court (1) grant the requested 30 day enlargement to completely comply with the Valentin and identify the Jane Doe, and (2) otherwise grant a stay of the instant litigation until the conclusion of the DOC investigation. Should the Court grant the requested stay, at the direction of the Court, the undersigned will file status letters regarding the progress of the DOC investigation.

Thank you for your consideration of the request herein.

Respectfully submitted,

/s/

Melissa Wachs
Senior Counsel
Special Federal Litigation
100 Church Street
New York, New York 10007
(212) 356-2424

**BY FIRST CLASS MAIL**
cc:   Keith Drew
       *Plaintiff Pro Se*
      10 Paladino Ave, #16B
      New York, NY 10035